37 C.C.P.A. (Patents)

**WOOL NOVELTY CO., Inc. v. SWIFT & CO.**

**No. 5565.**

United States Court of Customs and Patent Appeals.

June 28, 1949.

Rehearing Denied Oct. 4, 1949.

Mock & Blum, New York City (Charles R. Allen, Washington, D. C. and Asher Blum, New York City, of counsel) for appellant.

Roy G. Story, Washington, D. C. (Harry W. F. Glemser, Washington, D. C., of counsel) for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the late Leslie Frazer, First Assistant Commissioner, reversing the decision of the Examiner of Interferences in a trade-mark opposition proceeding. See Wool Novelty Co., Inc. v. Swift & Co., 73 U.S.P.Q. 491.

The decision of the commissioner, awarded to appellee; hereinafter usually referred to as Swift & Company, the right to have registered the notation "Wool Soap" as a trade-mark for "toilet and bath soaps and soaps in flake form," the application for which, serial No. 477,751, was filed December 19, 1944.

The rulings of both the Examiner of Interferences and the First Assistant Commissioner were based primarily upon the theory that Swift & Company was seeking registration "under the ten-year [the fifth] proviso of Section 5 of the [Trade-Mark Registration] Act of February 20, 1905," which proviso reads: "That nothing herein shall prevent the registration of any mark used by the applicant or his predecessors, or by those from whom title to the mark is derived, in commerce with foreign nations or among the several States, or with Indian tribes, which was in actual and exclusive use as a trade-mark of the applicant or his predecessors from whom he derived title for ten years next preceding February twentieth, nineteen hundred and five." 33 Stat. 726.

The contention of appellant opposer, hereinafter usually referred to as Woolfoam Corporation, was and is that Swift & Company did not have exclusive use of the words "Wool Soap" as a trade-mark during the ten-year period between the years 1895 and 1905; that the words were used by Swift & Company and others during that period in a "non-trade-mark sense"; that the predecessor of Woolfoam Corporation had pending at the time of the filing of the Swift & Company application an application for the registration of the notation "WoolFoam" (the word "Wool" being disclaimed as descriptive) as a trade-mark "for a washing compound for the cleansing of sweaters, socks and woolens"; and that Woolfoam Corporation would be injured by the registration which Swift & Company sought.

Such other allegations of the notice of opposition and the answer thereto as are pertinent appear hereinafter.

It is thought that a recital of certain prior proceedings related in the record before us may be conducive to an understanding of the controversy.

On November 26, 1901, a registration, No. 37,359, of the word "Wool" as trade-mark for toilet and laundry soaps was issued to Swift & Company upon an application filed March 14, 1900. The application was filed and granted under the

Trade-Mark Registration Act of March 3, 1881, 21 Stat. L. 502.

The registration recited, "The trade-mark * * * consists of the word 'Wool'," and stated that it might be used in connection with the word "Soap" or without that word. Also it stated: The above-described trade-mark has been continuously used by said Swift and Company and its predecessors in the business of manufacturing and selling soap since about the middle of August, 1894.

In the oath attesting the application, exclusive right to the use of the mark was asserted, and it was stated to be used by Swift & Company "in commerce between the United States and foreign nations, and particularly with England."

The Trade-Mark Registration Act of 1881 made no provision for the registration of marks based upon their use in interstate commerce. It provided for the registration of only those used "in commerce between the United States and foreign nations and with Indian tribes." So, the Swift & Company registration, No. 37,359, did not recite use of the mark in interstate commerce (and, it may be added, there was no allegation of its use in commerce with the Indian tribes).

As has been stated, the application of Swift & Company, which culminated in registration No. 37,359 under the 1881 Act, was filed March 14, 1900. The record before us discloses that the examiner in the Patent Office rejected the application, citing, among other references, a trade-mark registration, No. 29,021, dated October 20, 1896, issued to one William II. Bryan, under the 1881 Act, for "cakes of soap." As that case developed, the only reference cited by the examiner in his several rejections before it was acted upon by the Commissioner of Patents, which is of concern here, is that registration No. 29,021, to Bryan. It is solely upon that registration that Woolfoam Corporation relies to establish that Swift & Company was not entitled to the *exclusive* use, during the ten-year period, of the word which, in this proceeding, it seeks to have registered.

A copy of the Bryan registration for cakes of soap appears in the record. It recites that the application was filed September 17, 1896. It alleges continuous use "in business since June 1, 1896. In his affidavit, Bryan stated that the trade-mark was used by him "in commerce between the United States and foreign nations or Indian tribes and particularly with Canada, Mexico, England, etc.," and he asserted the right to exclusive use. The mark was described as consisting "of the word-symbol 'Santa Woolen' in combination with the figure of a sheep." The facsimile shows the word "Santa" reading vertically at the rear of the figure and the word "Woolen" on the side of the figure, reading horizontally. In front of the figure is the word "Soap" arranged vertically, but this word does not appear to have been claimed as a part of the mark.

After the examiner, in his decision of March 19, 1900, had cited the Bryan registration as a reference against the application of Swift & Company, the latter on March 24, 1900, filed a request for reconsideration in which it was pointed out that, according to the Bryan registration, his mark had been in use only since June 1, 1896, while, according to the Swift & Company application, its mark had been in use since the middle of August 1894, and contended that the Bryan registration should, therefore, be withdrawn as a reference.

No specific response to this contention was made by the examiner, but the Bryan registration was not thereafter referred to by either the examiner or the commissioner. The examiner in subsequent decisions refused the registration on other grounds, his last rejection being under date of April 10, 1901. What seemingly may be construed as an appeal to the commissioner in person was taken by Swift & Company on November 1, 1901, and the next action disclosed by the record before us is headed "Notice Of Allowance, November 8, 1901." It reads:

"Your Application for Registration of Trade-Mark for Toilet and Laundry Soaps has been examined and allowed.

"The Certificate of Registration will be issued and forwarded to you as soon as practicable, in due order of business.

"Very respectfully,
"F. I. Allen,
Commissioner of Patents."

This court has not had occasion to examine with any particularity the proceedings customary in the Patent Office under the Trade-Mark Registration Act of 1881. That Act was supplanted by the Act of February 20, 1905. It is obvious from a mere reading of the respective Acts that the procedure under the former must have differed in many respects from that under the latter. However that may have been, the only reasonable inference which seems deducible from the record before us is that the award made to Swift & Company was based, at least in part, upon its alleged use of its mark *prior to the date* when Bryan alleged beginning of use of his mark.

On June 10, 1931, Swift & Company filed a petition for renewal of its registration No. 37,359 "in accordance with the provisions of Section 12 of the Trade-Mark Act of February 20, 1905." The copy of the original registration appearing in the record is stamped "RENEWED." The date of the renewal does not appear on the instrument itself. However, it appears elsewhere in the record that the petition was granted in July 1931. It may be said that the petition for renewal did not contain any allegation that Swift & Company ever had used the mark in interstate commerce, or that it intended so to use it.

On October 14, 1942, Wool Novelty Co., Inc. (predecessor of appellant, Woolfoam Corporation) filed the application, referred to earlier in this opinion, for the registration of "WoolFoam" (the word "Wool" being disclaimed "apart from the mark shown") as a trade-mark for "a washing compound for the cleansing of sweaters, socks and wollens."

On January 28, 1943, Swift & Company filed notice of opposition to the application, pleading, among other things, (as we glean from various statements in the record, concessions in the briefs and from the decisions of the commissioner) prior use and registration (obviously No. 37,359 as renewed) of the words "Wool Soap."

This appears to have become opposition No. 22,370.

On May 24, 1943, Woolfoam Corporation's predecessor, Wool Novelty Co., Inc., filed a petition for the cancellation of the "Wool Soap" registration, No. 37,359 as renewed, of Swift & Company.

This appears to have become cancellation No. 4229.

The Examiner of Interferences decided both the opposition proceeding and the cancellation proceeding in decisions rendered October 18, 1944. In the former he dismissed the opposition and adjudged Wool Novelty Co., Inc. entitled to the registration sought. In the latter he sustained the petition to cancel.

Appeals were taken by Swift & Company to the commissioner who, speaking through First Assistant Commissioner Frazer, affirmed both decisions of the Examiner of Interferences in decisions rendered October 5, 1945.

In the cancellation case (Wool Novelty Co., Inc. v. Swift and Company, 67 U.S. P.Q. 113) the decision was based solely upon the ground that the notation "Wool Soap" is "merely descriptive of the goods."

In the opposition case (Swift & Company v. Wool Novelty Co., Inc., 67 U.S.P.Q. 114) reference was made to the decision in the cancellation proceeding, and it was held that the word "Foam" while highly suggestive was not "objectionably descriptive" and the decision of the Examiner of Interferences was therefore affirmed.

Swift & Company is not shown by the record to have appealed from either decision of the commissioner. It does appear, however, that on December 19, 1944, two months after the decision of the Examiner of Interferences and, obviously, within the time when appeals might be taken to the

commissioner, Swift & Company filed the application for registration which was allowed, despite the opposition of Woolfoam Corporation, and, it may be added, notwithstanding the commissioner's decision of October 5, 1945 that the renewed mark of Swift & Company, No. 37,359, was subject to cancellation. (As best we can determine from the record the cancellation was actually entered January 19, 1947; that is, about six months prior to the commissioner's decision in the instant case.)

The notice of opposition of Wool Novelty Co., Inc. (predecessor of Woolfoam Corporation) here involved appears to have been filed April 17, 1945. Reference is therein made to the decision of the Examiner of Interferences rendered October 18, 1944, cancelling the Swift & Company mark, which decision apparently must have been pending then before the commissioner whose decision affirming it was not rendered until October 5, 1945, about six months after the filing of the notice of opposition here involved.

In allegation 11 of appellant's notice of opposition, it was said "Opposer avers that the aforementioned opposition [No. 22,370] and cancellation [No. 4229] proceedings are res adjudicata with respect to the application herein opposed * * *," and, in allegation 12, it was proposed to offer the records in the respective cases in evidence.

In its answer, filed June 15, 1945, Swift & Company admitted *the pendency of* the so named opposition and cancellation proceedings, but denied the relevancy of the issues involved therein to the issues of the instant case and expressly reserved the right to object to the introduction of the records in evidence.

We find nothing in the record indicating that the records in those cases were offered in evidence, and appellant's reasons of appeal in the appeal to us do not raise any question of *res judicata*. That question, therefore, is not involved here. At the time the issues here were formulated those cases were, in fact, pending on appeal and had not been finally adjudicated.

■ So, as hereinbefore has been indicated, the decision of the case turns primarily upon the question of whether Swift & Company had exclusive use of the mark during the ten-year period next preceding February 20, 1905. By reason of the registration, No. 37,359, granted November 26, 1901, upon the application filed March 14, 1900, and its renewal in July 1931, there is a legal presumption that Swift & Company actually used the mark during that period. As has been stated, use of the mark was alleged "since about the middle of August 1894."

The presumption of use of the mark, 29,021, by reason of its registration by Bryan October 20, 1896, also applies, but, as has been stated, use of that mark was claimed to have begun June 1, 1896, whereas use of the Swift & Company mark was alleged to have begun in August 1894. It is obvious, therefore, that Swift & Company was the prior user, and it is our view that it must be held in law to have been the exclusive user, during the ten-year period. As to both the Swift & Company mark and the Bryan mark the conclusion as to use during the ten-year period rests solely upon the presumption growing out of the respective registrations. There is no proof that either of the marks was actually used by the respective parties during the ten-year period.

■ Consideration of the case has been complicated by reason of the cancellation of the Swift & Company mark solely upon the ground of descriptiveness, as hereinbefore recited. In applying the ten-year proviso, the fact that a mark may have been descriptive does not prevent its registration.

What appears to be the leading case construing the proviso is that of Thaddeus Davids Co. v. Davids, 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046, Ann.Cas.1915B, 322.

While, frankly, we have been puzzled by the cancellation, and by the acquiescence therein of Swift & Company without appealing to the courts, there is, as has been stated, no question of res judicata before us.

Upon the record presented, it is our view that the decision of the commissioner must be affirmed.

After the appeal in this case had been taken, Swift & Company suggested a diminution of the record and sought to have included therein: File wrapper, Contents and Drawings of the Wool Soap Trade Mark No. 37,359, registered November 26, 1901.

We granted the petition subject to cost assessment to be made in our final decision.

The subject matter is regarded as being a necessary part of the record and the costs are assessed against appellant.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, Judge, was present at the argument of this case, but, by reason of illness, did not participate in the decision.